FILED
2017 Jun-29 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TOMLIN CONSTRUCTION, LLC; LARRY )<br>TOMLIN, an individual; and SANDRA )<br>TOMLIN, an individual )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. _____ |

## VERIFIED COMPLAINT FOR EXONERATION OF SURETY

1.  Plaintiff, WESTERN SURETY COMPANY ("Western Surety"), is a corporation organized and existing under the laws of the State of South Dakota. At all times relevant hereto, Western Surety has been duly authorized, licensed and engaged in the insurance and bonding business in this judicial district.

2.  Defendant, TOMLIN CONSTRUCTION, LLC, ("Tomlin Construction"), is a limited liability corporation organized and existing under the laws of the State of Alabama, having its principal place of business in Gordo, Alabama.

3.  The individual defendants, LARRY TOMLIN and SANDRA TOMLIN, are residents of the State of Alabama, both of whom are over the age of nineteen (19) years.

4.  Jurisdiction over this matter exists pursuant to 28 U.S.C. §1332, in that it is between citizens of different States and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

{B2566829}

## I.   FACTUAL ALLEGATIONS

5.   At the request of Tomlin Construction, LLC ("Tomlin Construction"), Western Surety issued Performance and Payment Bonds on behalf of Tomlin Construction, as principal, in favor of the State of Alabama, as obligee, on a Project for the construction of additional lanes on Buttermilk Road in Tuscaloosa County, Alabama ("the Project"). The penal sum of the Performance Bond issued by Western Surety on Tomlin Construction's behalf was in the amount of $10,843,676.79. A true and correct copy of the Performance Bond issued on the Project is attached hereto as Exhibit "A."

6.   Prior to the issuance of the aforesaid Bonds, Tomlin Construction, Sandra Tomlin and Larry Tomlin (hereinafter "the Tomlins") each executed a General Agreement of Indemnity ("GAI") in favor of Western Surety pursuant to which they agreed, *inter alia*, to indemnify and save Western Surety harmless from and against every claim, demand and suit, including attorney's fees and expenses arising therefrom, resulting from the execution of any bonds on Tomlin Construction's behalf or in bringing suit to enforce the obligations of the indemnitors under the GAI. A true and correct of the GAI dated September 2, 2005 is attached hereto as Exhibit "B."

7.   On February 1, 2013, Bobbie Sue Burnette, Bet Newman, Jack Newman, Linda Sellers and Howard Sellers filed an action in Tuscaloosa Circuit Court styled *Bobbie Sue Burnette, et al. v. Western Surety Company, et al.*, Circuit Court of Tuscaloosa County, Alabama, Case No. 2013-900161 (hereinafter "the Civil Action"), alleging they had sustained damages on their respective properties as a result of Tomlin Construction's work performed on the Project. In said suit, the plaintiffs sought to

recover against Western Surety under its Performance Bond which provided that Tomlin Construction and Western Surety agreed "to pay all such damages of any kind to person or property that may result from a failure in any respect to perform and complete said Contract." *See* Performance Bond attached hereto as Exhibit "A."

8. In February of 2013, Western Surety sought to tender the defense of the surety in the Civil Action to Tomlin Construction, by and through its CGL insurance carrier. For reasons unclear, the attempted defense tender was unsuccessful, and Western Surety ultimately retained Starnes Davis Florie LLP to represent its interests in the Civil Action. Under the GAI, Tomlin Construction and the Tomlins agreed that Western Surety, as surety, would have the exclusive right to determine whether any suit brought against the surety would be defended, and agreed that the surety's decision in this regard would be binding and conclusive. *See* GAI, ¶ 5.

9. On March 11, 2013, Western Surety filed a Motion to Dismiss plaintiffs' claim against Western Surety in the Civil Action on the grounds that plaintiffs lacked standing to sue under the Performance Bond which was issued in favor of the State of Alabama, as obligee. The plaintiffs opposed Western Surety's Motion, arguing, *inter alia,* they were third-party beneficiaries of the Performance Bond that was issued by statute for the public's protection. Following a hearing on May 24, 2013, the Honorable Charles R. Malone, Tuscaloosa County Circuit Judge, denied Western Surety's Motion to Dismiss.

10. Thereafter, Western Surety filed Answers to the plaintiffs' Complaint, and all such subsequent Amendments to same, and proceeded to respond to written discovery from the plaintiffs and produce a number of documents. Western Surety also reviewed voluminous documents produced by the parties, including expert reports, and ultimately confirmed the acceptance of Tomlin Construction's work on the Project by the Alabama Department of Transportation ("ALDOT"), after which Western Surety sought to obtain an Affidavit from ALDOT to support a renewed dispositive motion.

11. In the meantime, Western Surety, by and through its attorneys, attended the depositions of each plaintiff, Tomlin Construction and various representatives of ALDOT noticed by the plaintiffs. On February 26, 2015, after securing an Affidavit from Terry McDuffie of ALDOT confirming ALDOT's acceptance of Tomlin Construction's work on the Project, Western Surety filed a Motion for Summary Judgment in the Civil Action on February 27, 2015. By Order dated March 4, 2015, Western Surety's Motion was initially set for a hearing on August 27, 2015, but was continued on at least three (3) occasions at the plaintiffs' request. On January 21, 2016, the Court entered an Order setting a hearing on all dispositive motions in the Civil Action for June 29, 2016.

12. On numerous occasions, both in writing and otherwise, Western Surety repeatedly requested that the plaintiffs voluntarily dismiss all claims against Western Surety in the Civil Action. In late March of 2015, counsel for Western Surety was advised by plaintiffs' counsel that a decision regarding the dismissal of claims against Western Surety would be made following the conclusion of all ALDOT depositions.

13. On November 9, 2015, the Tomlins filed a Motion to Intervene that was granted by the Court in the Civil Action on November 23, 2015. The Tomlins subsequently filed a Motion for Leave to File Cross-claim against Western Surety, which Western Surety opposed. On December 7, 2015, Western Surety filed a Motion for Leave to File Cross-claim in the Civil Action against the Tomlins. Both Motions were granted on February 17, 2016. Thereafter, counsel for Western Surety wrote Tuscaloosa County Circuit Judge Roberts, to whom the case had been re-assigned, to request a special setting on Western Surety's Summary Judgment Motion, filed originally in February 2015, in an effort to expedite a ruling thereon.

14. On June 27, 2016, the plaintiffs filed a Memorandum in Opposition to the pending Summary Judgment Motions in the Civil Action, including that of Western Surety. Following a hearing on the Motions on June 29, 2016, Tuscaloosa Circuit Judge Roberts granted the parties' Motions on September 20, 2016.

15. To date, Western Surety has incurred attorney's fees and expenses in the amount of Ninety Four Thousand Eight Hundred Ten Dollars and 11/100 ($94,810.11) in defending the claims asserted by the plaintiffs in the Civil Action and in prosecuting its claims against the Tomlins.

16. Under the GAI, the Tomlins promised not only to indemnify the surety, but also agreed, in the event of payments by the surety, "to accept the voucher or other evidence of such payments as prima facie evidence of the proprietary thereof, and of the Indemnitors' liability therefore to the Company." See GAI, ¶ 2.

## II.   CLAIMS FOR RELIEF

### COUNT ONE

17.   Western Surety adopts and re-alleges all averments of the Complaint as if set forth in full herein.

18.   By virtue of the failure of the defendants to perform their obligations under the GAI as aforesaid, Western Surety is entitled to a judgment against said defendants, separately and severally, in the amount of Ninety Four Thousand Eight Hundred Ten Dollars and 11/100 ($94,810,11), plus all interest permitted by law, all costs of this action, and all attorney's fees incurred by Western Surety in enforcing the conditions of the GAI and in prosecuting this action.

WHEREFORE, PREMISES CONSIDERED, Western Surety demands judgment against defendants, separately and severally in the amount of Ninety Four Thousand Eight Hundred Ten Dollars and 11/100 ($94,810,11), plus all interest permitted by law, all costs of this action, and all attorney's fees incurred by Western Surety in the prosecution of this action.

Respectfully Submitted,

/s/ Thomas L. Selden
THOMAS L. SELDEN Bar No. 5928-E64t
Attorney for Plaintiff Western Surety Company
STARNES DAVIS & FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
T: (205) 868-6000 F: (205) 868-6099
E-mail:  tselden@starneslaw.com

{B2566829}

## VERIFICATION

STATE OF ILLINOIS }
}
COUNTY OF COOK }

Before me, the undersigned Notary Public, in and for said County and in said State, personally appeared Trey Felty, who being first duly sworn, deposes and says that he is employed as a Senior Claims Counsel for Western Surety Company and that he has personally reviewed the Verified Complaint for Exoneration of Surety and that the allegations stated therein are true.

_____
TREY FELTY

Given under my hand and seal this the 28th day of June, 2017.

My Commission Expires: 9/21/18

_____
NOTARY PUBLIC

OFFICIAL SEAL
KENNETH MASTNY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/21/18

### DEFENDANTS TO BE SERVED BY CERTIFIED MAIL

Tomlin Construction, LLC
145 Tuscaloosa Rd.
Gordo, Alabama

Larry Tomlin
641 Lum Fife Road
Gordo, Alabama 35466-3361

Sandra Tomlin
641 Lum Fife Road
Gordo, Alabama 35466-3361

7

{B2566829}